IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

VICTORIA FOLEY-WALKER,

    Plaintiff,

v.                                          CIVIL ACTION NO.: 1:13-CV-270

SHEEHAN PIPELINE CONSTRUCTION COMPANY,

    Defendant and Third-Party Plaintiff

v.

DESIREE KIMBALL and
SOUTHEAST DIRECTIONAL DRILLING, LLC

    Third-Party Defendants

## THIRD-PARTY COMPLAINT OF SHEEHAN PIPE LINE CONSTRUCTION COMPANY

**COMES NOW** the Defendant/Third-Party Plaintiff Sheehan Pipe Line Construction Company, ("Sheehan"), by and through its counsel, and for its Third-Party Complaint against Desiree Kimball and Southeast Directional Drilling, LLC, avers and states as follows:

1. Plaintiff, Victoria Foley-Walker, filed her Complaint against Sheehan in the Circuit Court of Marion County, West Virginia. *See* Complaint, attached hereto as **Ex. A**.

2. Sheehan removed the case to this Court. *See* Notice of Removal, filed herein.

3. Sheehan filed an Answer to the Complaint, denying that it was at fault and denying that it was liable to the Plaintiff. *See* Answer, filed herein.

4. That it is upon information and belief that Desiree Kimball, at all times pertinent to this action, was a resident of Marion County, West Virginia;

5. That as Desiree Kimball was a resident of Marion County, West Virginia at the time of the alleged accident, venue is proper as to this Third-Party Defendant. Jurisdiction is proper under 28 U.S.C. 1367.

6. That it is upon information and belief that Southeast Directional Drilling, LLC ("Southeast"), at all times pertinent to this action, was an Arizona business entity and was located and conducting normal business interests in the area of County Road 25 in Marion County, West Virginia.

7. That as Southeast conducted business in Marion County in the State of West Virginia, venue is proper with respect to this Third-Party Defendant. Jurisdiction is proper under 28 U.S.C. 1367.

### FACTS APPLICABLE TO DESIREE KIMBALL

8. That it is upon information and belief that Desiree Kimball was the driver of a 2001 Pontiac Grand Am in which Plaintiff was a passenger on May 15, 2012;

9. That it is upon information and belief that on May 15, 2012, the automobile being driven by Desiree Kimball, in which Plaintiff was a passenger, wrecked while coming around a curve on West Virginia County Road 25 in Marion County, West Virginia;

10. That Plaintiff has alleged a cause of action against Sheehan, claiming that Plaintiff was injured as a direct and proximate result of the alleged negligence of Defendant *See* **Ex. A**;

### COUNT I – CONTRIBUTION FROM THIRD-PARTY DEFENDANT, DESIREE KIMBALL

11. That Desiree Kimball was negligent in operating the subject vehicle at the time of the accident in a reckless and unsafe manner, and in excess of the posted speed limit;

12. That the negligence of Desiree Kimball in her reckless operation of the vehicle at the time of the accident was the direct and proximate cause of Plaintiff's claimed injuries;

13. That Sheehan has been named as a Defendant in the above-styled civil action;

14. That Sheehan has denied and continues to deny the allegations as set forth in Plaintiff's Complaint, and,

15. That to the extent Sheehan is found liable in damages to Plaintiff upon a theory or theories for which contribution among and between joint tortfeasors is available under West Virginia law, Sheehan hereby seeks contribution from the Third-Party Defendant, Desiree Kimball, based upon the negligence of Desiree Kimball, such that Sheehan will not be required to pay more than its fair share, if any, of any joint liability.

## FACTS APPLICABLE TO SOUTHEAST DIRECTIONAL DRILLING, LLC

16. In the original Complaint in this action, Plaintiff alleges that during the course of its operations in the area, Sheehan "negligently failed to keep West Virginia County Road 25 in such vicinity free of obstacles and debris while working in the area" and that "as a direct and proximate result" of such negligence "the driver of the vehicle in which Plaintiff was riding lost control of such vehicle, resulting in such vehicle traveling over an embankment and ultimately colliding with a tree head-on." See Ex. A at para. 5-7.

17. Sheehan denies that it is liable to the Plaintiff as alleged in this matter.

18. Southeast entered into a Subcontract Agreement on April 2, 2012 in which Southeast agreed to perform certain directional drilling operations for Sheehan on the Appalachian Gathering System – M3 Project in various locations in West Virginia and Pennsylvania, including Marion County, West Virginia. See Subcontract Agreement between Sheehan and Southeast, attached hereto as Ex. B.

19. One of the terms of the Subcontract Agreement was an indemnity provision which states:

> <u>Duty to Indemnify, Defend and Hold Harmless</u>  To the fullest extent permitted by law SUBCONTRACTOR [Southeast] shall indemnify, defend and hold harmless CONTRACTOR COMPANY [Sheehan], and others required in the contract documents and their agents, invitees, and other employees (collectively referred to as the "INDEMNIFIED PARTIES") from and against all claims, damages, liability expenses and attorney fees (hereinafter "loss") incurred by CONTRACTOR and/or COMPANY and arising out of, allegedly arising out of, or resulting from the performance of SUBCONTRACTOR'S work or failure to perform said work. SUBCONTRACTOR'S duty to defend set out herein obligated SUBCONTRACTOR to pay on behalf of INDEMNIFIED PARTIES all loss at such time as CONTRACTOR and/or COMPANY become legally obligated to pay such loss on account of claims of any kind being made against them arising, or allegedly arising, in any way from SUBCONTRACTOR'S performance or default under this Agreement including, but not limited to, damages, judgments, settlements, costs, expenses, and attorney fees. SUBCONTRACTOR shall further have the duty to defend any suit, arbitration, mediation or proceeding against the INDEMNIFIED PARTIES arising, or allegedly arising, in any way from SUBCONTRACTOR'S performance or default under this Agreement solely at SUBCONSTRACTOR'S expense without any right or claim to reimbursement from the INDEMNIFIED PARTIES even if the allegations of the suit, arbitration, claim or proceeding are groundless, false, or fraudulent.

*See* <u>Ex. B</u>.

20. Southeast was engaged in business activity along and around County Road 25 on and around the time of the alleged accident, including travelling County Road 25 with trucks and equipment.

### COUNT II – EXPRESS INDEMNITY AS TO SOUTHEAST DIRECTIONAL DRILLING, LLC

21. Third-Party Plaintiff Sheehan re-alleges paragraphs 1-20 of this Third-Party Complaint as though fully set forth herein.

22. The Subcontract Agreement between Sheehan and Southeast is a binding instrument that Sheehan is entitled to enforce by law.

23. Under the terms of the Subcontract Agreement, Third-Party Plaintiff Sheehan is entitled to full and complete indemnity in this action with respect to any damages that it may be liable to pay as a result of the claim made against it by the Plaintiff.

24. Pursuant to the indemnity provisions of the Subcontract Agreement, Southeast is obligated to indemnify and hold Third-Party Plaintiff Sheehan harmless for any and all damages alleged by the Plaintiff in this matter.

25. Pursuant to the indemnity provisions of the Subcontract Agreement, Southeast is obligated to defend Third-Party Plaintiff Sheehan in this action.

26. Under the terms of the Subcontract Agreement, Third-Party Plaintiff Sheehan is entitled to recover from Southeast its attorneys' fees, expenses and costs incurred in defending this litigation, along with any amounts paid in settlement of this action or in satisfaction of any judgment rendered against them in this action.

## COUNT III – IMPLIED INDEMNITY AS TO SOUTHEAST DIRECTIONAL DRILLING, LLC

27. Third-Party Plaintiff Sheehan re-alleges Paragraphs 1-26 as though set forth fully herein.

28. Third-Party Plaintiff Sheehan is completely fault-free in the events surrounding the allegations set forth in the Plaintiff's Complaint.

29. In the event that Third-Party Plaintiff Sheehan is found liable to the Plaintiff under circumstances which, at law or equity would require that Third-Party Plaintiff be indemnified by Southeast, in such event, Third-Party Plaintiff Sheehan hereby seeks indemnity from Southeast for its liability, if any, to the Plaintiff.

## COUNT IV – CONTRIBUTION AS TO SOUTHEAST DIRECTIONAL DRILLING, LLC

30. Third-Party Plaintiff Sheehan re-alleges Paragraphs 1-29 as though set forth fully herein.

31. In the alternative, Third-Party Plaintiff Sheehan is entitled to contribution from Southeast for any amount beyond or above Sheehan's pro rata share of liability to Plaintiff, if any.

32. Southeast was engaged in business activity along and around County Road 25 on and around the time of the alleged accident, including travelling County Road 25 with trucks and equipment.

WHEREFORE, Sheehan Pipe Line Construction Company respectfully requests that this Court order judgment against Desiree Kimball and Southeast Directional Drilling, LLC, including:

1. All costs, fees and expenses expended in the defense of the Plaintiff's claims and allegations;
2. Contribution for any amount that Sheehan may pay above its *pro rata* share for any injury claimed by the Plaintiff;
3. An award of damages against Third-Party Defendants sufficient to compensate Sheehan for any amounts that it may pay to settle this action or to satisfy any judgment rendered against it in this case to compensate Plaintiff for any alleged injuries, if any;
4. An Order requiring Third-Party Defendant Southeast to fully and completely indemnity Third-Party Plaintiff Sheehan in this action;
5. An Order requesting Third-Party Defendant Southeast to defend Third-Party Plaintiff Sheehan in this action;
6. Prejudgment and post judgment interest as allowed by law;
7. Attorneys' fees and costs incurred in the prosecution of these claims and in the defense of Plaintiff's claims; and,
8. Such other relief as the Court may deem just and proper.

SHEEHAN PIPELINE CONSTRUCTION CO.

By: /s/ T. Matthew Lockhart
Of Counsel

J.H. Mahaney, Esquire (W.Va. #6993)
jmahaney@huddlestonbolen.com
T. Matthew Lockhart, Esquire (W.Va. # 11058)
tlockhart@huddlestonbolen.com
HUDDLESTON BOLEN LLP
Post Office Box 2185
Huntington, WV 25722-2185
P: (304) 529-6181/F: (304) 522-4312

*Counsel for Defendant*
**SHEEHAN PIPE LINE CONSTRUCTION CO.**